Baldwin, J.
delivered the opinion of the Court.
It appears to the Court that the slave Esther, in the proceedings mentioned, was the property of David Powers deceased, in his life time, and was by his last will and testament bequeathed to his wife Elizabeth Powers during the term of her natural life, and after her death in remainder jointly to his eight children therein named and the daughter of his said wife by a former husband: That Christopher Johnson, the father of some of the appellees, purchased from the said Elibeth Powers her life estate in the said slave, and also purchased the undivided interest therein of some of the legatees in remainder, but whose or how many does not certainly appear. That the said Johnson at the time of his purchase from the said Elizabeth Powers, acquired possession of said slave, and held her and her increase until his death; and that since his death she and her increase have been held by his widow during her life, and since her death by some of his children and legatees, under his will. That the said Elizabeth Powers died a year and some months before the institution of this suit, and thereupon her life estate which she had sold to the said Christopher Johnson was determined; and those claiming under him have thenceforth had no interests in the subject, beyond those acquired by the said Christopher Johnson by purchase from some of the legatees in remainder as aforesaid.
And the Court is of opinion, that the legatees in remainder of the said David Powers, whose interests in the subject were not purchased by the said Christopher Johnson, had no cause of action or suit to recover the same until the determination of the life estate by the death of the said Elizabeth Powers, until which time the possession of the said Christopher Johnson, and of those claiming under him, was not adversary to, but consistent with, and in support of, the title in remainder: And the persons so entitled are not therefore *286 barred by the statute of limitations; nor does the lapse of time furnish any presumption against their right to recover their respective interests in the subject.
It also appears that the object of this suit is to ob-ta^n distribution amongst those entitled in remainder of the said slave Esther and her increase, and of their hires since the expiration of the life estate. The bill purports to make as the proper parties thereto, some as plaintiffs and the rest as defendants, those interested in the subject, whether as legatees or as representing or deriving title from legatees: And it represents that the said Esther and her increase are in possession of some one or more of the heirs and legatees of the said Christopher Johnson, and it makes them and his surviving executor defendants; and it further represents that the plaintiffs have heard that the said Johnson in his life time purchased the interests of some of the legatees in remainder.
And the Court is of opinion that the parties in this suit, both plaintiffs and defendants, are to be treated as occupying the position of persons claiming a common right in the same subject, derived from the same original source : and the jurisdiction of the Court is invoked for the purpose of causing the proper distribution in severalty to be made amongst them. There is no conflict, so far as yet appears, of pretensions in the cause in regard to the ownership of the several distributive shares; and if there be any difficulty in making the distribution sought, it must arise from mere absence of proof as to the identity of persons made parties as legatees, or as to the representative character of parties in relation to deceased legatees, or as to the fact of assignment to parties claiming to be purchasers from legatees. These are matters in which the appellees have no interests beyond those acquired by the said Christopher Johnson in his life time. The distributive shares in point of number are fixed, and the persons to take them *287 respectively designated by the will of the said David Powers. To such of the shares as were purchased by said Christopher, when ascertained, the appellees or some of them will as his representatives be entitled: but their shares cannot be enlarged or diminished by any failure of proof as to other distributive shares not acquired by their testator. The only legitimate consequence of a failure of proof as to some of the distributive shares would be to suspend the action of the Court in the disposition thereof until the defect be supplied ; and it is the province of the Court to direct the proper steps to be taken for that purpose. It could furnish no good reason for dismissing the suit, and thereby defeating the rights of parties who appear to be entitled to other distributive shares.
The presumption is, in the absence of all pleading or proof to the contrary, that the persons made parties to the suit as legatees, or personal representatives of legatees named in the will, are not fictitious persons or mere pretenders to the characters assumed in the proceedings ; and this presumption is applicable to most of the parties in the cause. It is only in reference to parties claiming as entitled to distributive shares by purchase that the proceedings and proofs are defective: these are the plaintiff Lipscomb, the defendant Slater, and the appellees as representatives of Christopher Johnson. Lipscomb claims the share of the legatee William Powers deceased, by purchase from Delila and Sally Powers his children; but the said Delila and Sally, and the personal representatives, if any, of the said William Powers deceased, are not made parties either as plaintiffs or defendants, and there are no averments or proofs tending to shew that the distributive share of the said William Powers became vested in his said children; nor is there any evidence of the execution of the papers purporting to be assignments from them to the said Lipscomb. The defendant Slater is stated in the bill to claim by *288 purchase, as the plaintiffs have been informed, the interests of the defendants Thomas Toler and Sally his wife one of the legatees named in the will; blit neither Slater nor Toler and wife have answered, and there is no evidence of such purchase. The appellees, or some of them, as representatives of Christopher Johnson, are entitled to such of the distributive shares as he may have acquired by purchase from legatees; but such of his representatives as have answered are silent upon that subject, and no written or other definite evidence in relation to it has as yet been produced.
The case being a proper one upon its merits for distribution of the subject amongst those entitled thereto, and as such distribution must be accomplished through the agency of one or more commissioners, the decree upon the hearing ought of course to have been interlocutory only, and to have directed the measures requisite for supplying the defects above mentioned in the pleadings and proofs. For this purpose the Court ought to have directed the plaintiffs to amend their bill, and make the proper additional parties, and a commissioner or commissioners to ascertain and report the persons entitled to the several distributive shares, the number, sexes, names and ages of the slaves and their estimated values, the hires of them accruing since the expiration of the life estate, and the persons accountable therefor, with the credits to be allowed for charges incurred since that time in the care and maintenance of any of tender years, or otherwise incapable of labour, and to ascertain and report whether the slaves could be distributed in kind, and if so, to apportion the respective shares of the persons entitled. And upon the coming in of such report, it would have been proper for the Court by its further directions to accomplish a distribution of the slaves in kind, or of the proceeds of a sale of them, if that should be necessary; and finally to dispose of the cause according to the rights of the parties.
*289 The Court is therefore of opinion, that the decree of the Circuit court dismissing the bill of the plaintiffs is erroneous. Reversed with costs, and remanded with instructions to reinstate the cause, and proceed according to the principles above declared. ■
Decree reversed.